UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                   CASE NO. 14-CR-20479

    vs.                              HONORABLE GEORGE CARAM STEEH

JOSEPH TUBBS,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION (DOC. 24)

Federal prisoner Joseph Tubbs ("Tubbs"), appearing *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Tubbs pled guilty to one count of Distribution of Child Pornography and one count of Possession of Child Pornography. The court imposed a sentence of 324 months, which Tubbs is currently serving. Tubbs claims he received ineffective assistance from his counsel. He also alleges prosecutorial misconduct as well as a disparity between his sentence and other, similarly situated defendants. The government filed a response to Tubbs' motion on June 27, 2016. Tubbs did not file a reply. For the reasons set forth below, Tubbs' motion shall be denied.

## I. BACKGROUND

Defendant Tubbs came to the attention of federal investigators while they were investigating a man in Nashville who had admitted to producing and distributing child pornography. The Nashville Police Department (NPD) identified Tubbs' email address as one to which the man in Nashville sent child pornography. The NPD obtained a

search warrant for Tubbs' email address. The search warrant confirmed that Tubbs had been trading child pornography with the man in Nashville. The FBI seized a computer from Tubbs' residence, which contained 10 videos and 50 images of child pornography. There was evidence that Tubbs frequently deleted images and videos and, therefore, likely possessed more child pornography over time.

When first interviewed by the FBI, Tubbs denied collecting or distributing child pornography. The FBI also interviewed Tubbs' mother and step-father, with whom Tubbs lived. Tubbs' mother was aware of two incidents in which Tubbs molested his half-sister (S.H.) and female cousin (B.P.). S.H. said in an interview that Tubbs molested her several times when she was 8 or 9 years old and raped her when she was 11 or 12 years old. B.P. said that Tubbs molested her when he was 23 or 24 years old and she was 10 years old. Tubbs' step-father also recalled that a few years ago he found a picture of a scantily-clothed girl, which Tubbs had printed. Tubbs' mother said that Tubbs was living with her so that she could prevent him from molesting any more children.

Tubbs had a history of criminal activity beyond these two incidents. He previously served a two-year prison term for an arson conviction and was ordered to pay restitution in the amount of $42,710.54.  An FBI search also uncovered an additional incident involving sexual assault from 1995 in which Tubbs had molested a 3 year old at a park. Tubbs was asked to watch the girl. When her guardian returned, Tubbs was found kissing the 3 year old girl and rubbing her breasts and vagina while masturbating. The girl's mother reported the incident to the police. The mother was interviewed in

2014 by the FBI regarding the incident. The girl was also located by the FBI, but she did not remember the incident.

Tubbs pled guilty to possessing and distributing child pornography on October 29, 2014. He was sentenced to 324 months in prison on April 7, 2015. On March 18, 2016, Tubbs filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. STANDARD OF LAW

A prisoner seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  To prevail on a claim of constitutional error, such as a claim of ineffective assistance of counsel, the defendant must prove that his lawyer was ineffective by a preponderance of the evidence.  *Id.* Moreover, the defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would

-3-

exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

### III. ANALYSIS

**A. Ineffective Assistance of Counsel**

Tubbs argues that his counsel was ineffective for 1) refusing to seek a mental evaluation, 2) refusing to interview witnesses, 3) refusing to present a defense by allowing Tubbs to plead guilty, and 4) failing to explain the consequences of the plea. As to each argument, Tubbs' ineffective assistance of counsel claim lacks merit. The familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984), governs the analysis of Tubbs' ineffective assistance of counsel claim.  The Defendant bears the burden of proof as to both prongs. *Id.* The first prong requires Tubbs to show that his counsel's representation "fell below an objective standard of reasonableness."  *Id.* at 688.  The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (citation omitted).

The second prong requires Tubbs to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  When analyzing a claim of ineffective assistance of counsel, the court "must indulge the strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation omitted). Surmounting this "high bar is never an easy task," and a court must apply this standard "with scrupulous care." *Id.* at 197 (citation omitted).

-4-

As an initial matter, Tubbs did not raise this issue on direct appeal; so it is procedurally defaulted and considered waived. *Harris v. Reed*, 489 U.S. 255, 258 (1989). In order to succeed in habeas with a procedurally defaulted claim Tubbs must first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). As discussed below, Tubbs has not demonstrated prejudice, nor does he contend that he is actually innocent.

Tubbs argues that he did not raise this issue on direct appeal because his counsel "terrorized [him] into believing were he to appeal, '[He] would get life.'" (Doc. 24, Pg ID 77). However, the plea agreement, which Tubbs acknowledged that he read and understood, stated that the statutory maximum sentence for the crimes Tubbs was charged with was 480 months, not life. (Plea Agreement at 4). Tubbs was also informed by the court at his plea hearing of that fact. (Doc. 30, 103).

In addition, Tubbs provides scant evidence in support for his claim of ineffective assistance of counsel. There is no record that Tubbs was dissatisfied with his counsel prior to this motion, and all the court has in support of Tubbs' motion is Tubbs' own, unsubstantiated assertions. Tubbs bears the burden of proving both prongs of the *Strickland* standard, and he has not alleged facts sufficient to meet his burden. The court also notes that Tubbs received a sentence below the guideline range. The second prong of the *Strickland* test requires Tubbs to demonstrate that his counsel's ineffective assistance prejudiced the outcome of the case. Although the court does not believe a below-guidelines sentence is dispositive that Tubbs was not prejudiced, the court does find it instructive. Nevertheless, the court will address each argument in turn.

### 1. Refusing to seek a mental evaluation

Tubbs first requests relief based on the fact that his counsel did not request a mental evaluation. Tubbs claims that he "suffers from a traumatic head injury" and because of that injury "has been declared incompetent." (*Id.*). He also claims that he "is diagnosed bipolar, anti-social, suffers rage, anxiety, and acute depression." (*Id.*) In addition, Tubbs writes in his motion that he was "repeatedly raped as a child by his father." (*Id.*).

Tubbs' counsel did not request a mental evaluation. Tubbs' counsel did, however, present evidence of Tubbs' head injury during the sentencing hearing. Specifically, Tubbs' counsel read from a letter written by Tubbs' mother to the court in which she wrote, "I could write about a young man's struggle with a learning disability following a closed head injury as a toddler, and ending up on the honor roll in his senior year. I was so proud of him at graduation. I knew how hard he'd work to get there." (Doc. 31, Pg ID 127). The letter from Tubbs' mother indicates that Tubbs' did have a head injury, but it also indicates that he overcame the injury to qualify for the honor roll in high school. The court was also aware, because of the Pre-Sentencing Report (PSR), that Tubbs met with a child psychologist when he was younger and was prescribed medication. (PSR at ¶ 47).

Tubbs did not, however, disclose his exact diagnoses nor his alleged rape by his father to the Probation Department. Tubbs' failure to disclose this information should not be interpreted as his counsel's representation falling below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. And even if his counsel's representation

did fall below the *Strickland* standard, Tubbs has not demonstrated the second prong of the *Strickland* test, that he was prejudiced by that failure. *Id.* at 694. The court knew of Tubbs' head injury and his history of psychological care. It is unlikely that a more detailed account of those factors would have changed the outcome of this case especially given the fact that Tubbs was sentenced below the guideline range.

### 2. Refusing to interview witnesses

Tubbs next asks for relief based on his counsel's alleged refusal to interview certain witnesses. Tubbs does not provide the names of the witnesses who were allegedly not interviewed, nor does he describe the alleged testimony they would have given. "Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for [§ 2255] relief." *Daniel v. Palmer*, 719 F. Supp. 2d 817, 829 (E.D. Mich. 2010). Tubbs only offers conclusory allegations to support this argument; so it must fail.

### 3. Refusing to present a defense by allowing Tubbs to plead guilty

Tubbs also claims that he is entitled to relief because his counsel refused to present a defense and allowed him to plead guilty. Tubbs does not indicate what defense he believes his counsel should have presented. For that reason, this allegation is conclusory and insufficient. *See Daniel*, 719 F. Supp. 2d at 829. The court assumes *arguendo* that Tubbs is arguing that his counsel should have presented a defense based on Tubbs' mental health. As discussed above, however, there is nothing in the record indicating that Tubbs disclosed this information. So, again, his counsel cannot be expected to have presented a defense based on it.

### 4. Failing to explain the consequences of the plea

Tubbs finally asks for relief based on ineffective assistance of counsel because he allegedly did not understand the consequences of his plea. A guilty plea is valid only if it represents the defendant's voluntary, knowing, and intelligent choice among the alternative courses of action available to him. *See Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *Brady v. United States*, 397 U.S. 742, 748 (1970). A plea is voluntary if the defendant who enters it is fully aware of the direct consequences and if the defendant is not induced by threats, misrepresentations, or improper promises. *Brady*, 397 U.S. at 755. Voluntariness must be determined by considering all of the relevant circumstances surrounding the plea. *Id.* at 749. A plea is knowing and intelligent if the defendant is advised by competent counsel, is made aware of the nature of the charge against him, and there is nothing to indicate that the defendant is incompetent or otherwise not in control of his mental faculties. *Id.* at 756. While the state bears the burden of showing that the petitioner's plea was voluntary, intelligent and knowing, that burden is generally satisfied when the state produces a transcript of the state court proceedings showing that the plea was made voluntarily. *See Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004) (vacated in part on other grounds by *Bradshaw v. Stumpf*, 545 U.S. 175, 125 (2005)).

The transcript of the plea hearing establishes that petitioner's plea was both voluntary and knowing. At the plea hearing, Tubbs was represented by counsel, and the court explained to Tubbs the consequences of his guilty plea. (Doc. 30, Pg ID 102-12). Tubbs answered in the affirmative to every question asked by the court regarding his understanding of the plea. (*Id.*). The court takes special note of the fact that Tubbs

-8-

acknowledged that he had reviewed the Rule 11 agreement with his counsel. (*Id.* at 104-05). Although Tubbs alleges that "it is obvious to even a layman that [he] suffers mental issues," there is nothing in the transcript indicating that Tubbs did not understand the proceedings. (Doc. 24, Pg ID 77). Tubbs' claim that he did not understand the consequences of his plea is, therefore, belied by his own sworn testimony.

## B. Prosecutorial Misconduct

Tubbs claims that the government committed prosecutorial misconduct because he suffers "diminished capacity" and was given "a patently one-sided and unjust plea agreement." (Doc. 24, Pg ID 78). As with Tubbs' allegations of ineffective assistance of counsel, Tubbs waived this argument by not raising it on direct appeal. *Harris v. Reed*, 489 U.S. 255, 258 (1989). Moreover, Tubbs has not demonstrated "cause" and "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Additionally, he has not provided the court with any facts that indicate prosecutorial misconduct beyond the conclusory allegations in his motion. This claim cannot succeed. *See Daniel*, 719 F. Supp. 2d at 829.

## C. Disparity of Sentence

Tubbs insists that his sentence was unjust and defendants "[i]n courthouses across America . . . are sentenced to a great deal less time than [he] received and for far greater involvement with child-pornography." (Doc. 24, Pg ID 80). Again, this argument is procedurally defaulted and cannot be raised here because Tubbs did not raise it on direct appeal. *Harris v. Reed*, 489 U.S. 255, 258 (1989). Additionally, Tubbs does not provide any examples where similarly situated defendants were sentenced to

less time. The government, however, cites several examples indicating that Tubbs'

sentence was comparable to other, similarly situated defendants. (Doc. 32, Pg ID 161)

(*citing United States v. Clark*, 553 Fed. App'x 538, 539 (6th Cir. 2014); *United States v.*

*Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015)). Moreover, Tubbs' sentence was below the

guideline range. This claim also must fail.

IT IS THEREFORE ORDERED that Tubbs' motion to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255 is DISMISSED.

Dated:  August 2, 2016

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 2, 2016, by electronic and/or ordinary mail and also on
Joseph Tubbs #50187-039, FCI Hazelton,
Federal Correctional Institution, P.O. Box 5000,
Bruceton Mills, WV  26525.

s/Barbara Radke
Deputy Clerk

---