UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No.  14-20479

v.                                HON.  GEORGE CARAM STEEH

JOSEPH TUBBS,

        Defendant.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On August 2, 2016, the Court denied Joseph Tubbs motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  On November 17, 2016, petitioner Joseph Tubbs filed a notice of appeal.  For the reasons stated below, a certificate of appealability is DENIED.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997). If a § 2255 motion is denied on procedural grounds without reaching the underlying merits, a certificate of appealability should issue if the movant shows that jurists of reason would find it debatable whether the motion states a valid claim and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Tubbs alleges ineffective assistance of counsel, prosecutorial misconduct, and a disparity of sentence. Tubbs did not raise any of these issues on direct appeal, so they are procedurally defaulted and considered waived. *Harris v. Reed*, 489 U.S. 255, 258 (1989). Jurists of reason would not find it debatable whether the district court was correct in this procedural ruling. Further, jurists of reason would not find it debatable whether Tubbs' motion states a valid claim. As addressed by the Court, in addition to the procedural error, Tubbs' did "not allege facts sufficient to meet his burden" under *Strickland v. Washington*, 466 U.S. 668 (1984), (Doc. 33 at 5), "has not provided the court with any facts that indicate prosecutorial misconduct

beyond the conclusory allegations in his motion," (Doc. 33 at 9), and did "not provide any examples where similarly situation defendants were sentenced to less time." (Doc. 33 at 9-10). Thus, in addition to failing on procedural grounds, Tubbs' motion fails to make a substantial showing of the denial of a constitutional right.

Therefore, a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: January 17, 2017

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 17, 2017, by electronic and/or ordinary mail and also on Joseph Tubbs #50187-039, FCI Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525.

s/Barbara Radke
Deputy Clerk

---