UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 14-CR-20479

                                        Hon. George Caram Steeh

JOSEPH TUBBS,

    Defendant.

_____/

ORDER DENYING DEFENDANT'S
MOTION PURSUANT TO 28 U.S.C. § 1651

Defendant Joseph Tubbs filed a motion for relief pursuant to the All Writs Act, 28 U.S.C. § 1651, which has been fully briefed. For the reasons explained below, Defendant's motion is denied.

Defendant pleaded guilty to possessing and distributing child pornography in 2014. The court sentenced him to 324 months in prison, below the guideline range of 360 to 480 months. Defendant did not appeal his sentence. In 2016, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel, prosecutorial misconduct, and that he received a disproportionately harsh sentence. The court denied Defendant's motion and the Court of Appeals for the Sixth Circuit denied his application for a certificate of appealability.

In 2017, Defendant sought permission from the Sixth Circuit to file a second or successive motion to vacate pursuant to § 2255. Defendant alleged that he received an unreasonable sentence because the court erred in applying sentence enhancements under U.S.S.G. §§ 2G2.2 and 4B1.5(b) and in calculating his criminal history category. Finding that Defendant did not make the required showing for filing a second or successive petition under § 2255, the Sixth Circuit denied Defendant's motion on October 23, 2017.

On January 31, 2018, Defendant filed the instant motion. As in his motion before the Sixth Circuit, Defendant argues that the court erred in applying sentence enhancements under U.S.S.G. §§ 2G2.2 and 4B1.5(b) based upon uncharged conduct and without proper fact finding. Defendant acknowledges that his motion to file a second § 2255 motion was denied. Defendant ostensibly seeks relief pursuant to 28 U.S.C. § 1651[1], leaving it "up to this court to properly construe the motion." Doc. 40 at 1.

Defendant misunderstands the Sixth Circuit's decision denying his application to file a second § 2255 motion. The Sixth Circuit did not deny

---

[1] The statute provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651.

his application because he relied upon the wrong statute or procedure, but because his claims of error do not meet the requirements of 28 U.S.C. § 2255(h).  Thus, Defendant may not file a second § 2255 motion.  In addition, he may not attempt to raise the same issues by relabeling his claims for relief.  In other words, Defendant may not attack his sentence by seeking a writ under § 1651 when his claims would otherwise be cognizable under § 2255.  "If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012).

Defendant's motion falls within the scope of § 2255(a), because he claims his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  Defendant may not simply recharacterize his claims and seek relief under § 1651.  *See, e.g.*, *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning."); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("[A] writ of *audita querela* may not be granted when relief is cognizable under § 2255."); *United States v. Rhines*, 640 F.3d 69, 72 (3rd Cir. 2011) (a

petitioner "may not resort to a writ of error coram nobis simply because he cannot meet the standards for filing a second or successive § 2255 motion); *Robinson v. United States,* 2013 WL 3322365 at *1 (E.D. Mich. July 1, 2013) ("A criminal defendant cannot invoke the writ of error *coram nobis* or other such common law writs to pursue a claim that would be cognizable in a petition under 28 U.S.C. § 2255, but for the impediments raised by this statute itself.").

In substance, Defendant's motion is an unauthorized second or successive motion filed pursuant to § 2255, which the court would ordinarily transfer to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). However, because the Sixth Circuit has already denied Defendant permission to file a second or successive § 2255 motion on the grounds raised here, a transfer is unnecessary.

IT IS HEREBY ORDERED that Defendant's motion pursuant to 28 U.S.C. § 1651 (Doc. 40) is DENIED.

**IT IS SO ORDERED.**

Dated: August 21, 2018

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 21, 2018, by electronic and/or ordinary mail and also on Joseph Tubbs #50187-039, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base Mdl, NJ  08640

s/Barbara Radke
Deputy Clerk